# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-60669
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 19, 2015

Lyle W. Cayce
Clerk

MOHAMEDNOOR ADEN MUHUMED,

Petitioner

v.

LORETTA LYNCH, U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 181 675

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:[*]

Petitioner Mohamednoor Aden Muhumed, a native and citizen of Ethiopia, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal of the Immigration Judge's (IJ) decision denying his requests for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). The BIA agreed with the IJ that Muhumed had not credibly established his claims for relief. Muhumed

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

urges that the adverse credibility finding was erroneous, arguing that inconsistencies result from misunderstandings and confusion.

We "review only the BIA's decision, . . . unless the IJ's decision has some impact on" that decision. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Factual findings are reviewed under the substantial evidence standard, and legal questions are reviewed de novo. *Rui Yang v. Holder*, 664 F.3d 580, 584 (5th Cir. 2011). Under the substantial evidence standard, the petitioner must show that "the evidence is so compelling that no reasonable factfinder could reach" a conclusion contrary to the petitioner's position. *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012) (internal quotation marks and citation omitted).

An adverse credibility determination may be supported by "any inconsistency or omission . . . as long as the totality of the circumstances establishes that an asylum applicant is not credible." *Wang*, 569 F.3d at 538 (5th Cir. 2009) (internal quotation marks and citation omitted). It is not plain from our review of the record as a whole that no reasonable factfinder would have made the same adverse credibility ruling. *See id.*

Muhumed fails to show that he is entitled to relief in the form of asylum, so he cannot establish entitlement to withholding of removal, which has a higher burden. *See Dayo v. Holder*, 687 F.3d 653, 658-59 (5th Cir. 2012). And, because his testimony was not found credible, Muhumed has failed to show that it was more likely than not that he would be tortured if returned to Ethiopia. *See Zhang v. Gonzales*, 432 F.3d 339, 344-45 (5th Cir. 2005).

Muhumed's petition for review is DENIED.